IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00556-WCM

| | |
|---|---|
| CHRYSTAL CAUSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | AND ORDER |
| ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' social security briefs (Docs. 13, 15).[1]

I. Procedural Background

In October of 2020, Plaintiff Chrystal Causby ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning on June 1, 2013. Transcript of the Administrative Record ("AR") 167-173.

On November 24, 2021, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 12-31. That decision is the Commissioner's final decision for purposes of this action.

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Docs. 11, 12.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "degenerative disc disease, status-post cervical fusion; degenerative joint disease of the right shoulder, status-post surgery; migraines; hypertension; obesity; carpal tunnel syndrome; neuropathy." AR 17. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work… with the following provisos: she was limited to occasional overhead reaching with the upper extremities, but frequent reaching in all other directions, pushing, pulling, operating hand controls, handling, fingering, and feeling; occasional pushing, pulling, and operating foot controls with the lower extremities; She could occasionally climb ramps and stairs, but no climbing ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; Avoid concentrated exposure to vibration and workplace hazards, such as dangerous machinery and unprotected heights. The claimant would not be expected to miss more than 1 day of work per month.

AR 21.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 26-27.

2

### III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ erred by failing to include a limitation relative to Plaintiff's exposure to light and that the ALJ's decision includes an internal inconsistency regarding whether Plaintiff meets Listing 11.02.[2]

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

---

[2] In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if his or her impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003). There is no separate listing for migraines; however, "courts routinely apply the epilepsy Listing (11.02) when analyzing a claimant's severe migraines." Fortner v. Saul, No. 9:19-0076-RMG-BM, 2020 WL 532969, at * 3 (D.S.C. Jan. 15, 2020), *recommendation adopted*, 2020 WL 528174 (D.S.C. Feb. 3, 2020).

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

An ALJ must "build an accurate and logical bridge from the evidence to his conclusion" when assessing a claimant's RFC. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citing Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). Although an ALJ is not required to discuss every piece of evidence, see Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014), if the ALJ does not indicate how the facts she cites disprove a claimant's need for an accommodation, meaningful review of her decision is not possible, and remand is needed. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016); see also

4

Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence"); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at *6 (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

At the same time, it is the claimant's burden to establish that she suffers from an impairment which limits her functional capacity. 20 C.F.R. 404.1505; 416.905; see also Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Here, Plaintiff contends that, with respect to her migraine headaches and RFC, the ALJ erred by failing to limit Plaintiff's exposure to light. In support of her position, Plaintiff relies on her hearing testimony, in which she stated that her headaches were the primary issue that kept her from working and that bright lights, such as the florescent lights found in a retail or office environment, could trigger her migraine headaches. See Doc. 13 at 4 (citing AR 41; AR 63). Additionally, Plaintiff cites medical records reflecting that bright light could trigger her migraines. Id. at 3-5 (citing AR 699-701 (July 31, 2013 neurology treatment note indicating that Plaintiff's migraine headaches could be "associated with photophobia and phonophobia"); 406-409 (October 24, 2013 neurology treatment note reflecting same and that Plaintiff was "still having

5

daily headaches even though" she had followed recommendations to avoid triggering factors); AR 792 (Report from February 21, 2017 consultative internal medicine examination wherein Plaintiff reported experiencing headaches every day, with migraines that last up to four days in a row and which were "characterized by bright lights bothering her").

In his decision, the ALJ acknowledged Plaintiff's hearing testimony, but found that Plaintiff's statements "about the intensity, persistence, and limiting effects of her symptoms…[were] inconsistent because the medical evidence of record demonstrates…better response to treatment for her migraines." AR 22.

The ALJ then went on to outline Plaintiff's medical treatment for headaches and explained that he found the opinion of the consultative medical examiner to be "generally persuasive." See AR 23-25.

The ALJ, though, did not explain how the medical records or opinion evidence supported an RFC that did not include any limitation relative to light exposure. See Dowling v. Comm'r, Soc. Sec. Admin, 986 F.3d 377, 387 (4th Cir. 2021) ("every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a 'narrative discussion describing [ ] the evidence' that supports it") (quoting Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) ("meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion")); Croft v. Kijakazi, No. 3:22-cv-653-MOC, 2023 WL 4241678, at *8 (W.D.N.C. June 28, 2023) ("Where, as here, the

reasoning behind the conclusions is not apparent, the legal propriety and evidentiary support for those conclusions evade meaningful review."); Campbell v. Kijakazi, No. 3:20-CV-692-DCK, 2022 WL 2293357, at *5 (W.D.N.C. June 24, 2022) ("It may be that the listed RFC limitations do, in fact, adequately account for the entirety of Plaintiff's migraine symptoms as reflected by the record. However, without further explanation, the undersigned cannot meaningfully review whether substantial evidence in the record supports the conclusions.").[3]

## VI. Conclusion

For the reasons stated above, this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is respectfully directed to enter a separate judgment in accordance with this Order.

Signed: January 4, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[3] Because this matter is being remanded on this basis, the undersigned does not reach Plaintiff's second assignment of error.

7