IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00556-WCM

| | | |
|---|---|---|
| CHRYSTAL CAUSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (the "Motion," Doc. 18).

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party (other than the United States) in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2635, 125 L.Ed.2d 239 (1993); Docs. 16; 17.

An award of attorney's fees under the EAJA must be "reasonable." 28

1

U.S.C. § 2412(A). It is within the Court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

The Motion seeks an award of $5,106.25 in attorney's fees. Doc. 18. However, the parties subsequently filed a stipulation indicating that they have agreed that an award of $5,000 in fees under the EAJA is reasonable. Doc. 19. Plaintiff's counsel has also submitted information regarding the time spent on this case. Doc. 18-1.

After review and consideration of the Motion, supporting documents, and applicable authority, the Court finds that the stipulated amount sought by Plaintiff is reasonable.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 18) is **GRANTED IN PART** and, consistent with the parties' stipulation, Plaintiff is awarded attorney's fees in the amount of $5,000.00 ("Fee Award").

(2) As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

    a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee

Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: April 8, 2024

W. Carleton Metcalf
United States Magistrate Judge